UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEMIMA ORTIZ,

    Plaintiff,

v.

SAFEWAY INCORPORATED

    Defendant.

No. 2:19-cv-00984-RAJ

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court on Defendant's motion to dismiss. Dkt. # 13. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Defendant's motion is **GRANTED**. Dkt. # 13.

## I. BACKGROUND

On June 25, 2019, *pro se* Plaintiff Jemima Ortiz filed this action against Defendant Safeway Incorporated. Dkt. # 1. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. The Honorable Mary Alice Theiler granted the application. Dkt. # 5. Plaintiff alleges that she was injured after she slipped and fell

ORDER-1

while shopping at a Safeway store in Marysville, Washington on July 10, 2016. Dkt. # 6 at 2-3. Safeway moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Dkt. # 5.

## II. DISCUSSION

Under Rule 12(b)(5), a complaint may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process. *Dillard v. Red Canoe Fed. Credit Union*, 2015 WL 1782083, at *2 (W.D. Wash. Apr. 17, 2015), citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4(h) describes the process for serving a corporate defendant:

> Unless federal law provides otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, and is in a judicial district of the United States must be served:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant.

Fed. R. Civ. P. (h)(1).

If a plaintiff elects to serve the corporation pursuant to Rule 4(e)(1) she may do so by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The procedures for serving a corporate defendant under Washington law are similar to the federal rules:

> If against a company or corporation other than those designated in subsections (1) through (8) of this section, to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant

ORDER-2

of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

RCW 4.28.080. Under Fed. R. Civ. P. 4(m), service must be completed within 90 days after the complaint is filed or the defendant may move to dismiss. Similarly, under Washington law, an action must be commenced within 90 days from when the complaint is filed, or summons is served (whichever occurs first) in order to toll the statute of limitations. *See* RCW 4.16.170.

Defendant argues that because Plaintiff failed to properly serve Safeway within 90 days of filing her complaint, Plaintiff's claim is now barred under the statute of limitations. The Court agrees. Plaintiff alleges she was injured while shopping at Safeway on July 10, 2016. Dkt. # 6. In Washington, the statute of limitations for this action is three years. *See* RCW 4.16.080. Plaintiff filed her complaint on June 25, 2019, just days before the statute of limitations expired. But merely filing the complaint was not sufficient to toll the statute of limitations. Under RCW 4.16.170, an action is only deemed "commenced" for purposes of tolling the statute of limitations if the plaintiff serves the defendant within 90 days of the date of filing the complaint. Thus, the statute of limitations in this case did not toll until Plaintiff properly served Safeway. *See O'Neill v. Farmers Ins. Co. of Wash.*, 125 P.3d 134, 137 (2004).

Although Plaintiff's first service attempt to Defendant's counsel was timely, it was ultimately ineffective because Safeway's counsel was not authorized to accept service on Safeway's behalf. See Dkt. # 14. As a result, Plaintiff's action never officially "commenced" for the purposes of tolling the statute of limitations and the statute of limitations has now expired.[1]

Ordinarily, in cases such as these where the plaintiff is proceeding *pro se*, the Court would grant Plaintiff an extension of time within which to properly effectuate service. In this case, however, an extension would be futile since Plaintiff's claim is

---

[1] Plaintiff's second, September 26, 2019, service attempt was made after the statute of limitations expired. Dkt. # 20 at 2.

ORDER-3

now time barred. The Court's hands are tied. Defendant's motion to dismiss is **GRANTED**. Dkt. # 13. Plaintiff's complaint is **DISMISSED** with prejudice. Plaintiff's motion to continue argument is **TERMINATED** as moot. Dkt. # 21.

DATED this 26th day of March, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER-4